### THE KERSTEN MILES.
No. 206.

District Court, S. D. Texas, Houston Division.

June 3, 1931.

Royston & Rayzor, of Houston, Tex., for libelant.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for respondent.

KENNERLY, District Judge.

The steamship Dungannon collided with the steamship Kersten Miles in the lower reaches of the Houston ship channel, Galveston bay, on September 12, 1930. This is a suit brought by the Texas Company, the owner and claimant of the steamship Dungannon, against the steamship Kersten Miles, in rem, to recover damages growing out of such collision, and in which suit the owners of the steamship Kersten Miles also seek to recover damages against the steamship Dungannon.

At the time of the collision, the steamship Dungannon was proceeding down the Houston ship channel to sea, fully loaded with oil, and the steamship Kersten Miles was proceeding up the ship channel, going in the direction of Houston, about two-thirds loaded. The steamship Dungannon, at the time, had a mean draft of about twenty-seven and one-half feet, and the steamship Kersten Miles of about twenty-two feet.

When the steamship Dungannon reached the vicinity of the bend in the ship channel, at or near oscillating buoy No. 6, her crew observed the steamship Kersten Miles, which at that time appeared to be a mile or a mile and a half away. After the steamship Dungannon had passed such bend, and when the ships were approximately a mile apart, the steamship Kersten Miles blew a single blast whistle, calling for a port to port passing. This was answered by a single blast of the steamship Dungannon's whistle, assenting to such proposed passing. The ships at that time were both approximately in the middle of the channel. At the time of this exchange of signals, the engines of the steamship Kersten Miles were working full ahead and so continued, and the engines of the steamship Dungannon were working half ahead and were immediately reduced to slow ahead. Both continued at these speeds. When the ships were a short distance apart, the steamship Dungannon hauled over to her starboard side preparatory to passing. The steamship Kersten Miles was then a little to her starboard of the center of the channel. As the ships approached each other, and when about two to four ship lengths apart, the steamship Kersten Miles, suddenly and without warning, swung to port, and started across the channel in the general direction of the steamship Dungannon. At that time, the steamship Dungannon was quite over to her starboard of the center of the channel. When the steamship Kersten Miles started on this course, she blew either a danger signal or reversing signal, and immediately dropped her starboard anchor. When the steamship Dungannon heard such signal, she immediately put full speed astern, and dropped her starboard anchor. The steamship Kersten Miles continued such course across the channel and struck the steamship Dungannon on the port bow, seriously injuring and damaging both ships, the steamship Dungannon the more seriously. At the time the steamship Kersten Miles started such course across the channel, she had a speed over the ground of six to eight miles per hour, and at that time the steamship Dungannon had a speed over the ground of from three to three and one-half miles per hour. At the time she was

struck, the steamship Dungannon was against the starboard bank of the channel and aground from stem to stern, and had no speed over the ground.

If the steamship Kersten Miles had not altered its course and continued such course across the channel, the two ships would have cleared by a distance of from fifty to one hundred feet. The channel at the point of collision has a depth of thirty feet of water, and width of two hundred and fifty feet for ships of the draft of these two ships.

Immediately before the steamship Kersten Miles took such course across the channel, the pilot on the steamship Kersten Miles had given the order to the quartermaster at wheel of "Port your Helm." In American navigation this means to throw the bow of the ship to the starboard, which would have been in accordance with the passing agreement between the ships. In German navigation it means exactly the opposite. The man at the wheel was a German, and did not well understand the English language (testifying herein through an interpreter), and when he received such command, instead of steering the steamship Kersten Miles according to the American navigation rules, he steered same according to the German navigation rules, thus causing the steamship Kersten Miles to take the course it did take across the ship channel, and caused its rudder to become sunken or imbedded in the (steamship Kersten Miles') starboard bank, and temporarily made it impossible for the person or persons steering, or undertaking to steer, the steamship Kersten Miles to move the wheel. The cause of the steamship Kersten Miles taking this course across the channel, and therefore the cause of the collision, was the action and negligence of the man at the wheel in steering to the port instead of the starboard, when he received such command.

Libelant charges negligence against the owner, pilot, master, and crew of the steamship Kersten Miles on the following points:

(1) "The Kersten Miles came across the channel from her starboard side to her port bank and struck the Dungannon while the latter steamer was being navigated in a careful manner preparatory to the agreed passing."

I find for libelant on this issue. The facts fully support same.

(2) "The Kersten Miles came across the channel and collided with the Dungannon in the Dungannon's water on the Dungannon's starboard side of the center of the channel."

I find that the steamship Kersten Miles came across the channel and collided with the steamship Dungannon in the manner complained of.

(3) "The Kersten Miles failed to carry out the agreed port to port passing and frustrated the same by being so negligently and carelessly navigated as to cross the channel and collide with the Dungannon."

I find that the steamship Kersten Miles did fail to carry out the agreed port to port passing, and frustrated the same by being so negligently and carelessly navigated as to cross the channel and collide with the steamship Dungannon.

(4) "The Kersten Miles was steered in an improper and unseamanlike manner when said vessels were approaching each other preparatory to the port to port passing."

I find that the steamship Kersten Miles was steered in an improper and unseamanlike manner when said ships were approaching each other, preparatory to the port to port passing, in that the man at the wheel steered contrary to the command of such pilot as hereinbefore found.

(5) "The Kersten Miles was not proceeding at such a rate of speed as to permit her to safely execute the passing."

I find for libelant on this issue, but I think the proximate cause of the collision was as hereinbefore set forth. But I further find that, if the steamship Kersten Miles had not been proceeding at such rate of speed, the collision might have been avoided, notwithstanding the negligence of the person at the wheel.

(6) "The pilot, captain, officers and members of the crew of the Kersten Miles were negligent and inattentive to their duties while said vessels were approaching each other."

I find that such persons on the steamship Kersten Miles were negligent and inattentive to their duties while said ships were approaching each other, in that they permitted a man at the wheel who understood little, if any, English, and who was not skilled and trained in navigation under the American rules of navigation, and who, under the circumstances, was not competent to navigate such ship, and navigated same negligently.

(7) "The Kersten Miles was at fault for entering the dredge channel of the Houston Ship Channel at Beacon # 1 instead of waiting outside of said channel when the S/S Dungannon was observed proceeding down the channel to sea."

504

I make no finding on this Charge.

(8) On the allegations by the owner of the steamship Kersten Miles of the negligence of the steamship Dungannon, I find that the pilot, captain, officers, and members of the crew of the steamship Dungannon were without fault, and that the steamship Dungannon was being properly navigated in every respect, and I find in favor of libelant and against the steamship Kersten Miles on all five of its charges of negligence.

(9) I find the collision was not due to inscrutable fault, but to the fault of the owner, pilot, master, and members of the crew of the steamship Kersten Miles.

Upon the foregoing, I conclude that a decree should enter against the steamship Kersten Miles, and in favor of the steamship Dungannon, allowing recovery for damages suffered by the steamship Dungannon, including loss of use of vessel and interest, and that a recovery should be denied the owner of the steamship Kersten Miles against the steamship Dungannon. And that, in the event the parties are unable to agree upon the amount of such damages, a Commissioner be appointed to ascertain same.